As the business of the University of Illinois is not that of maintaining and operating buildings, as construed by the courts, the service of a mechanic regularly employed in the maintenance and repair of the buildings would not bring such employment within the Workmen's Compensation Act. Upon the facts stated, no award is recommended. (See *Lombard College* vs. *Industrial Commission*, 294 Ill. 548.)

University of Illinois, No. 618—

*Opinion submitted April 26, 1934.*

By the Court.

Presumably the University Dairy Creamery and the University Pasteurization Plant are one and the same.

In its general opinion relative to the University of Illinois matters, filed in 1934, this court referred to the opinion of the Attorney General rendered March 27, 1928, in file

matter No. 1400, wherein the Attorney General rendered an opinion that the University is conducting its pasteurization plant in the College of Agriculture not as a business, but as a method of teaching the ways and means for proper pasteurization of milk. Being therefore a part of the general educational scheme and the educational work being the business or enterprise in which the University is engaged, and that enterprise being one in which State and municipal regulations are imposed, as stated in Sub-section 8 of Section 3 of the Workmen's Compensation Act, an employee therein would be within the provisions of said Act.

However, if the work of such employee came within the further proviso of Sub-section 8 which excepts from the Act employees who perform "any work done on a farm or country place," such proviso would control and no award should be made. As the facts in the immediate matter do not fully apear, the recommendation for an allowance of the claim is made dependent upon the actual employment not being within the exception against work done on a farm or country place. (See *Bunting* vs. *State,* No. 611.)

UNIVERSITY OF ILLINOIS, No. 617—

*Opinion submitted April 26, 1934.*

